## UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Bowling Green Division

| | |
|---|---|
| Michael Marson<br>    *Plaintiff*<br><br>v.<br><br>Midland Funding, LLC<br>    *Defendant*<br>Serve:<br>    CSC-Lawyer's Incorporating<br>      Service Company<br>    421 W. Main<br>    Frankfort, KY 40601 | Case No. 1:14-CV-186-GNS |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

\*     \*     \*     \*     \*

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant Midland Funding, LLC ("Midland") attempted to collect interest or fees from Plaintiff Michael Marson that it has no legal right to recover. Midland filed suit against Mr. Marson in Russell District Court in an attempt to collect a debt from him. In its complaint, Midland attempted to collect interest from Mr. Marson that the original creditor waived and that Midland had no legal right to recover from him.

3. These and other acts by Defendant violates the FDCPA.

### JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff Michael Marson is a natural person who resides in Russell County, Ky. Mr. Marson is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

7. Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

8. Midland filed suit against Mr. Marson in Russell District Court in Case No. 12-C-00363.

9. Midland served a copy of the summons and complaint on Mr. Marson on October 29, 2014.

10. The first time that Mr. Marson was aware of the lawsuit or that Midland had any claim against him was when the summons and complaint were served on him.

11. Midland's complaint alleges in pertinent part:

> 1. The account of MICHAEL MARSON, bearing the account number ending in 6615, is in default.
>
> 2. Said account is due and payable to MIDLAND FUNDING, LLC, having acquired the account through sale, assignment or other legal means.
>
> 3. The original creditor is HSBC BANK NEVADA, N.A. MET2.
>
> 4. Said obligation is past due, and the Defendant(s) owes Plaintiff $3,506.26 with interest thereon at the rate of 8% per annum from August 31, 2009 until the date of judgment….

12. In his answer to the complaint, Mr. Marson denied Midland's allegations above.

13. Upon information and belief, the HSBC Bank Nevada, N.A. ("HSBC") credit card was used exclusively for personal, family, and/or household purposes, which makes the HSBC credit card debt a "debt" within the meaning of the FDCPA.

14. Upon information and belief, for prudent business reasons, HSBC affirmatively waived its right to accrue any and all interest and fees on HSBC credit card account after charging off the credit card account. *See McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 526 (E.D. Mich. 2013) (finding that the benefits of affirmatively waiving the right to interest include tax benefits, reduction in loan-loss reserves, and the release from the statutory obligation to send periodic statements).

15. Upon information and belief, $3,506.26 was the amount due on the HSBC credit card debt on the date that HSBC charged off the debt.

16. Upon information and belief, HSBC sold the HSBC charged off credit card debt to Midland or Midland's assignor months or years after charging off the debt.

17. HSBC's affirmative waiver of interest is binding on Midland as the purchaser or assignee of the debt. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 451 (6th Cir. 2014).

18. Upon information and belief, $3,506.26 was still the amount due on the debt on the date of sale. That is, the amount of the HSBC debt was the same amount on the day that HSBC charged off the debt as it was on the date that Midland acquired the debt.

19. Upon information and belief, Midland paid no more than five cents on the dollar to purchase the HSBC credit card debt, or no more than $176.00.

20. Midland violated the FDCPA by attempting to collect interest on the HSBC credit card debt from Mr. Marson that was affirmatively waived by the original creditor, HSBC Bank Nevada, N.A. and by affirmatively misrepresenting the amount of the debt in the Russell District Court complaint. *Stratton*, 770 F.3d at 451.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

21. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and/or multiple subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Marson requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com